## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| HERNAN MATAMOROS, ) | |
| SHARON SAM CHAN, ) | Civil Action No. |
| and all others similarly situated, ) | 08-10772 |
| ) | |
| Plaintiffs, ) | |
| ) | **JURY DEMANDED** |
| v. ) | |
| ) | |
| STARBUCKS CORPORATION, ) | LEAVE GRANTED |
| ) | September 19, 2008 |
| Defendants. ) | |

_____

### SECOND AMENDED COMPLAINT

## I.    INTRODUCTION

1.    This is a class action challenging Starbucks Corporation's policy of

distributing to shift supervisors proceeds of tips left by customers.  This practice

violates Massachusetts law.  The above-named plaintiffs bring this action on behalf

of themselves and all similarly situated employees, namely all individuals who have

worked as baristas at a Starbucks store in Massachusetts in the last six years.

Plaintiffs allege that Starbucks' policy of including shift supervisors in its tip pool

violates the Massachusetts Tips Law, Mass. Gen. L. c. 149 § 152A, and also

renders the company liable under Massachusetts common law for breach of

implied contract and interference with advantageous relations, as well as under the

common law doctrine of quantum meruit/unjust enrichment.  In this action, the

named plaintiffs seek restitution for themselves and all other similarly situated

employees who did not receive all tips to which they are entitled to have received

under the law.

II.      **PARTIES**

2.      Plaintiff Hernan Matamoros is an adult resident of Somerville, Massachusetts.  Mr. Matamoros was employed as a Starbucks barista in Chestnut Hill, Massachusetts, within the last six years.

3.      Plaintiff Sharon Sam Chan is an adult resident of Newton, Massachusetts.  Ms. Chan was employed as a Starbucks barista in Needham, Massachusetts, within the last six years.

4.      This is a class action that the above-named plaintiffs bring on their own behalf and on behalf of all others similarly situated, namely all other individuals who work, or have in the last six years worked, as baristas for Starbucks in Massachusetts.

5.      Defendant Starbucks Corporation is an international corporation that has stores that sell coffee and other beverages, as well as food and other products, around the world, including in Massachusetts.

III.     **STATEMENT OF FACTS**

6.      Starbucks patrons leave a substantial amount of tips in containers located in all Starbucks stores.

7.      Starbucks distributes the proceeds of this tip money to its employees. The employees who receive proceeds of these tips include shift supervisors.

8.      Shift supervisors have managerial responsibilities, including supervising baristas, opening and closing stores, opening and closing cash registers, and administrative work.

9.      Because a portion of patrons' tips is distributed to shift supervisors, Starbucks baristas have not received the total proceeds of tips that are intended, and required, to be paid to them.

10.     In addition, Starbucks does not distribute any tips to baristas during their training period.

11.     Starbucks also does not distribute tips to baristas left by patrons by the end of the same business day as required by law.

## COUNT I

MASSACHUSETTS TIPS LAW

Defendant's conduct, as set forth above, violates Mass. Gen. L. c. 149 § 152A.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT II

QUANTUM MERUIT/UNJUST ENRICHMENT

Plaintiffs are entitled to restitution for their full share of the proceeds of tips they were owed under the state common law doctrine of quantum meruit/unjust enrichment.

## COUNT III

BREACH OF CONTRACT

Defendant's conduct, as set forth above, constitutes breach of implied contract under state common law.

**COUNT IV**

INTENTIONAL INTERFERENCE WITH CONTRACTUAL AND/OR
ADVANTAGEOUS RELATIONS

Defendant's conduct, as set forth above, constitutes unlawful interference

with the implied contractual and/or advantageous relationship that exists between

Starbucks baristas and patrons, under state common law.


**JURY DEMAND**

Plaintiffs request a trial by jury on all their claims.


WHEREFORE, Plaintiffs request that this Court certify this case as a class

action and order on behalf of the class restitution for all tips that have not been

distributed to eligible employees and all other remedies to which they are

entitled, including treble damages, attorneys' fees, and costs, pursuant to Mass.

Gen. L. c. 149 § 150.

<div style="margin-left:40%">

Respectfully submitted,

HERNAN MATAMOROS,
SHARON SAM CHAN
and all others similarly situated,

By their attorneys,

__/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, BBO #640716
Harold L. Lichten, BBO #549689
Hillary Schwab, BBO #666029
PYLE, ROME, LICHTEN, EHRENBERG
    & LISS-RIORDAN, P.C.
18 Tremont Street, 5th Floor
Boston, MA 02108
(617) 367-7200

</div>

Dated:    September 19, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2008, I served a copy of this motion by electronic filing on all counsel of record in this case.

 /s/  Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.