IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| HERNAN MATAMOROS,<br>SHARON SAM CHAN,<br>and all others similarly situated, | )<br>)<br>)<br>) |  |
| Plaintiffs, | )<br>) | Civil Action No. 08-10772-NMG |
| v. | )<br>) | **JURY DEMANDED** |
| STARBUCKS CORPORATION, | )<br>)<br>) |  |
| Defendant. | )<br>) |  |

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Starbucks Corporation ("Starbucks") hereby submits its Answer to Plaintiffs Hernan Matamoros and Sharon Sam Chan's Second Amended Complaint ("Complaint"). Starbucks denies each and every allegation contained in the Complaint except as hereinafter admitted, qualified or otherwise answered.

## RESPONSE TO ALLEGATIONS IN COMPLAINT

1. Paragraph 1 of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Starbucks admits that Plaintiffs purport to bring this action individually and as a class action based on the class definition stated in Paragraph 1. Starbucks denies the remaining allegations in Paragraph 1 of Plaintiffs' Complaint.

2. Starbucks admits that Plaintiff Hernan Matamoros was employed as a Starbucks barista in Chestnut Hill, Massachusetts within the last six years and that he is at least 18 years of age. Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 2 of Plaintiffs' Complaint, and therefore denies them.

3. Starbucks admits that Plaintiff Sharon Sam Chan was employed as a Starbucks barista in Needham, Massachusetts within the last six years and that she is at least 18 years of age. Starbucks is without sufficient knowledge to form a belief as to the truth or accuracy of the remaining allegations in Paragraph 3 of Plaintiffs' Complaint, and therefore denies them.

4. Starbucks admits that Plaintiffs purport to bring this action in their individual capacity and as a class action based on the class definition stated in Paragraph 4 of Plaintiffs' Complaint. Starbucks denies the remaining allegations in Paragraph 4 of Plaintiffs' Complaint.

5. Starbucks admits that it operates retail stores that sell coffee, food, and other products in Massachusetts and elsewhere within and outside the United States. Starbucks denies the remaining allegations in Paragraph 5 of Plaintiffs' Complaint.

6. Starbucks denies the allegations in Paragraph 6 of Plaintiffs' Complaint.

7. Starbucks admits that shift supervisors receive a portion of the tips left in containers at Starbucks stores. Starbucks denies the remaining allegations in Paragraph 7 of Plaintiffs' Complaint.

8. Starbucks denies the allegations in Paragraph 8 of Plaintiffs' Complaint.

9. Starbucks denies the allegations in Paragraph 9 of Plaintiffs' Complaint.

10. Starbucks denies the allegations in Paragraph 10 of Plaintiffs' Complaint.

11. Starbucks denies the allegations in Paragraph 11 of Plaintiffs' Complaint.

12. Count I of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Count I of Plaintiffs' Complaint.

13. Count II of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Count II of Plaintiffs' Complaint.

14. Count III of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Count III of Plaintiffs' Complaint.

15. Count IV of Plaintiffs' Complaint contains legal conclusions to which no response is required. To the extent a response is required, Starbucks denies the allegations in Count IV.

16. Starbucks admits that Plaintiffs' Complaint purports to request a trial by jury on all of their claims. Starbucks denies any remaining allegations in Plaintiffs' jury demand, and denies that Plaintiffs are entitled to any of the relief requested in the Complaint.

## DEFENSES

## FIRST DEFENSE

### (Failure To State A Cause Of Action)

The Complaint, and each purported cause of action contained therein, is barred because it fails to state facts sufficient to constitute a cause of action against Starbucks.

## SECOND DEFENSE

### (Statute Of Limitations)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs are seeking relief for conduct occurring outside the applicable statute of limitations.

### THIRD DEFENSE

### (Waiver and Estoppel)

The Complaint, and each purported cause of action contained therein, is barred to the extent that Plaintiffs or individual class members by their actions have waived their right to recovery or are estopped from seeking the relief requested in the Complaint.

### FOURTH DEFENSE

### (Failure To Join Parties)

The Complaint, and each purported cause of action stated therein, is barred because Plaintiffs have failed to join all indispensable and/or necessary parties for the just and complete adjudication of the matters alleged.

### FIFTH DEFENSE

### (Set-off)

The Complaint, and each purported cause of action stated therein, is barred to the extent Plaintiffs and the individual class members' rights to recovery, if any, are subject to set-off.

### SIXTH DEFENSE

### (Unclean Hands)

The Complaint, and each purported cause of action contained therein, is barred to the extent Plaintiffs and the individual class members engaged in improper conduct connected to the matters alleged in the Complaint.

### SEVENTH DEFENSE

### (Failure to Establish Existence of Contract and/or Advantageous Relationship)

The Complaint, and each purported cause of action contained therein, is barred because Plaintiffs have failed to establish all elements of the alleged contract.

**EIGHTH DEFENSE**

**(Scope of Contractual Obligations)**

The Complaint, and each purported cause of action contained therein, is barred because the alleged conduct of Starbucks is not within the scope of any contractual obligations undertaken by Starbucks.

**NINTH DEFENSE**

**(No Damages)**

The Complaint, and each purported cause of action contained therein, and Plaintiffs' alleged recovery, are barred to the extent that Plaintiffs have suffered no damages.

**TENTH DEFENSE**

**(Payment)**

The Complaint, and each purported cause of action contained therein, is barred because all amounts that have become due have been paid.

**ELEVENTH DEFENSE**

**(Good Faith)**

The claim for treble damages is barred because Starbucks and its agents acted in good faith at all times.

**TWELFTH DEFENSE**

**(No Willfulness)**

The claim for treble damages is barred because the alleged conduct of Starbucks and its agents was not willful.

## THIRTEENTH DEFENSE

## (No Reckless Indifference)

The claim for treble damages is barred because the alleged conduct of Starbucks and its agents was not outrageous and did not show reckless indifference to the rights of others.

## FOURTEENTH DEFENSE

## (No Treble Damages – Unconstitutionality)

Any claim for automatic treble damages is barred as unconstitutional.

## FIFTEENTH DEFENSE

## (No Treble Damages – No Retroactivity)

Any claim for automatic treble damages cannot be retroactive to periods before the 2008 amendment to Mass. Gen. Laws ch. 149, §150 became effective.

## ADDITIONAL DEFENSES

Starbucks reserves the right to add to this Answer and to rely upon affirmative defenses disclosed by further investigation and discovery.

WHEREFORE, Starbucks prays for relief as follows:

1. For an Order dismissing Plaintiffs' Complaint with prejudice;

2. For an Order granting Starbucks its attorneys' fees, costs and disbursements incurred in defending this action; and

3. Such other and further relief that the Court deems just and equitable.

DATED:  October 3, 2008

        Respectfully submitted,


        /s/ James C. Rehnquist
        James C. Rehnquist (BBO #552602)
        Elianna Marziani (BBO # 663354)
        Robert M. Hale (BBO #217170)
        GOODWIN PROCTER LLP
        Exchange Place
        53 State Street
        Boston, MA 02109
        (617) 570-1000
        jrehnquist@goodwinprocter.com
        emarziani@goodwinprocter.com
        rhale@goodwinprocter.com

        Gregory W. Knopp (*pro hac vice*)
        AKIN GUMP STRAUSS HAUER & FELD LLP
        2029 Century Park East
        Suite 2400
        Los Angeles, CA 90067
        Telephone: (310) 552-6436
        Facsimile: (310) 229-1001
        gknopp@akingump.com

        Daniel L. Nash (*pro hac vice*)
        Nathan J. Oleson (*pro hac vice*)
        Jessica W. Paniccia (*pro hac vice*)
        AKIN GUMP STRAUSS HAUER & FELD LLP
        1333 New Hampshire Avenue
        Washington, DC 20036
        Telephone: (202) 887-4000
        Facsimile: (202) 887-4288
        dnash@akingump.com
        noleson@akingump.com
        jpaniccia@akingump.com

        *Attorneys for Defendant Starbucks Corporation*

## CERTIFICATE OF SERVICE

I, James C. Rehnquist, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on October 3, 2008.

/s/ James C. Rehnquist

LIBB/1605547.2