## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

————————————————————————

HERNAN MATAMOROS,
SHARON SAM CHAN,
KATE PETERSEN,
and all others similarly situated,

        Plaintiffs,

v.

STARBUCKS CORPORATION,

        Defendant.

————————————————————————

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 08- 10772-(NMG)

### JOINT PRETRIAL STATEMENT

Pursuant to Local Rule 16.1(D) and Federal Rule of Civil Procedure 26(f), plaintiffs

Hernan Matamoros, Sharon Sam Chan and Kate Petersen and defendant Starbucks Corporation

hereby submit this Joint Pretrial Statement.  This Joint Pretrial Statement will also serve as the

parties' agenda for the scheduling conference.

**I.**    **Proposed Agenda for the Scheduling Conference**

Establish a discovery plan and schedule for currently anticipated motions.

**II.**    **Proposed Discovery Schedule and Schedule for Class Motions**

    A.    <u>INITIAL DISCLOSURES</u>

The parties do not anticipate that there will be any changes to the form or requirements

for disclosures under Fed. R. Civ. P. 26(a).  The parties agree to exchange disclosures under Fed.

R. Civ. P. 26(a)(1) on or before December 1, 2009.  The sworn statements that may be required

by LR 26.1(B)(1) and (B)(2) shall be exchanged as directed by the Court.

B.    DISCOVERY

The parties agree that discovery will be needed regarding (1) the plaintiffs' underlying claims, (2) the duties and activities of shift supervisors, (3) the practices and policies regarding the provision and distribution of gratuities within plaintiffs' proposed class, and (4) plaintiffs' claimed damages.

The parties agree on a bifurcated discovery process to defer damages discovery until after rulings on class certification and the merits.  Thus, the first phase would limit discovery to class certification issues and the merits of the plaintiffs' claims.  Defendant proposes that the deadline for completion of the first phase of discovery be 180 days from the entry of the Court's scheduling order.  Plaintiffs believe this phase of discovery may be completed more quickly, within 120 days.

The second phase would limit discovery to the issue of damages and any additional witnesses.  The parties propose that the deadline for completion of the second phase of discovery would be 90 days from the Court's class certification order or the formation and identification of the final class for purposes of trial (including all opt-outs, as applicable), whichever is later.

The parties have not yet determined whether or the extent to which expert evidence will be required in this case.  The parties propose that plaintiffs' expert reports for all issues other than damages be disclosed 60 days after the close of the first phase of discovery, and that defendant's expert report for all issues other than damages be disclosed 30 days after plaintiffs' respective expert report is disclosed.  Defendant proposes that plaintiffs' expert reports for damages issues be disclosed 60 days after the second phase of discovery, and that defendant's expert report for damages issues be disclosed 30 days after plaintiffs' respective expert report is disclosed, with appropriate periods set for expert depositions, rebuttal reports, and other appropriate expert discovery.

C.     ELECTRONICALLY STORED INFORMATION

The parties agree that, where not unduly burdensome or otherwise inappropriate, electronically stored information (ESI) responsive to discovery requests or otherwise produced in discovery will be disclosed or produced in electronic form via Microsoft Excel or Microsoft Access.  The parties also agree that the producing party may produce documents that have been requested in this case in electronic format on CD-ROMS.

D.     EXCHANGE OF PRIVILEGED OR CONFIDENTIAL MATERIALS

The parties anticipate filing a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) to restrict disclosure and use of confidential business proprietary and employee information produced in discovery.  The parties will endeavor to submit a stipulated motion and order to the Court.

E.     LIMITATIONS ON DISCOVERY

Discovery event limitations shall be as provided by LR 26.1(C), except that the parties may serve up to three (3) separate sets of requests for production.  As stated above, the parties agree that discovery as to damages be limited to the second phase of discovery.

F.     CLASS ACTION CERTIFICATION

The parties propose that plaintiffs' motion to certify a class action shall be served and filed no later than 30 days after the close of discovery as to class issues and the merits of the named plaintiffs claims; defendant's opposition to plaintiffs' motion to certify a class shall be served and filed no later than 30 days after plaintiffs' motion is filed; and plaintiffs' reply in support of their motion to certify a class shall be served and filed no later than 15 days after defendant's opposition is filed.

G.     MOTION SCHEDULE

The parties propose that dispositive motions may be filed at any time, subject to the

limitations set forth in Fed. R. Civ. P. 56(f), and in any event shall be filed no later than 60 days

after the close of the second phase of expert witness discovery.

Defendant does not currently intend to amend its pleading or add additional parties to the

action.  However, defendant may determine that additional parties' interests are at stake and that

such parties must be added to this action pursuant to Rule 19 of the Federal Rules of Civil

Procedure.  All motions that seek to amend the pleadings or add parties to this action shall be

filed no later than 30 days following the Court's order on class certification.

Defendant proposes that the Court set a deadline for all other non-dispositive motions,

including motions *in limine* and other trial-related motions, following the Court's ruling on

plaintiffs' motion for class certification and any motions for summary judgment.

III.    **Local Rule 16.1(D) Certifications**

Filed separately are the certifications by both parties as required by LR 16.1(D)(3).

Dated: October 19, 2009                    Respectfully submitted,

                                            _/s/ Shannon Liss-Riordan_____
                                            Shannon Liss-Riordan, BBO #640716
                                            Hillary A. Schwab, BBO #666029
                                            LICHTEN & LISS-RIORDAN, P.C.
                                            100 Cambridge Street, 20th Floor
                                            Boston, MA  02114
                                            sliss@llrlaw.com
                                            hschwab@llrlaw.com

                                            ATTORNEYS FOR PLAINTIFFS

/s/  Jessica W.P. D'Arrigo
Robert M. Hale (BBO #217170)
James C. Rehnquist (BBO #552602)
Elianna J. Nuzum (BBO # 663354)
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
(617) 570-1000
jrehnquist@goodwinprocter.com
enuzum@goodwinprocter.com
rhale@goodwinprocter.com

Daniel L. Nash
Nathan J. Oleson
Jessica W.P. D'Arrigo
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
dnash@akingump.com
noleson@akingump.com
jdarrigo@akingump.com

ATTORNEYS FOR DEFENDANT
STARBUCKS CORPORATION