UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
HERNAN MATAMOROS, et al.,               )
                                        )
           Plaintiffs,                  )
                                        )
v.                                      )      Civil Action No.  08-10772-NMG
                                        )
STARBUCKS CORP.,                        )
                                        )
           Defendant.                   )
_____)

REPORT AND RECOMMENDATION ON
MOTION TO CERTIFY CLASS

February 8, 2011

SOROKIN, M.J.

        Currently pending is the Plaintiffs' Motion to Certify Class.  Docket # 31.  The Plaintiffs'

Second Amended Complaint is a purported class action challenging Starbucks' policy of

distributing tips left by customers to shift supervisors as well as wait staff.  Docket # 10 at ¶ 1.

The factual background of the case is set forth in detail within a Report and Recommendation of

this same date on the Parties' Cross Motions for Summary judgment, which I hereby incorporate

by reference.

        The Plaintiffs have moved to certify a class pursuant to Fed. R. Civ. P.  23(b)(3)

consisting of all individuals who have worked for the Defendant, Starbucks Corporation, as

baristas in Massachusetts over the preceding six years.  See Docket # 15 at ¶ 1.  For the reasons

explained below, I RECOMMEND that the Court certify the following class:

1

All individuals who were employed as baristas at any Starbucks store located in the Commonwealth of Massachusetts at any time between March 25, 2005, and the date of the Court's Order certifying the class, inclusive.

<u>Standard of Review</u>

A court may certify a class pursuant to Fed. R. Civ. P. 23, only if the Plaintiffs establish that all of requirements of Rule 23(a) are satisfied and that class-wide adjudication is appropriate for one of the reasons set forth in Rule 23(b). <u>See</u> <u>Smilow v. Sw. Bell Mobile Sys., Inc.</u>, 323 F.3d 32, 38 (1st Cir.2003).

Fed. R. Civ. P. 23(a) requires that a class meet the following criteria: (1) "the class is so numerous that joinder of all members is impracticable" (numerosity); (2) "there are questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality); and, (4) "the representative parties will fairly and adequately protect the interests of the class" (adequacy). Fed. R. Civ. P. 23(a)(1)(4).

The Plaintiffs in this case urge certification pursuant to Rule 23(b)(3), which additionally requires them to demonstrate that: (1) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members (predominance); and, (2) that a class action is superior to other methods for the fair and efficient adjudication of the controversy (superiority). <u>See</u> Fed. R. Civ. P. 23(b)(3).

"A district court must conduct a rigorous analysis of the prerequisites established by Rule 23 before certifying a class." <u>Smilow</u>, 323 F.3d at 38 (citing Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 161 (1982)). Furthermore, a court may "probe behind the pleadings" when factual

premises are disputed and "formulate some prediction as to how specific issues will play out." In re New Motor Vehicles Canadian Exp. Antitrust Litig., 522 F.3d 6, 20 (1st Cir.2008) (citation and internal quotation marks omitted).

**Rule 23(a) Factors**

With regard to the Rule 23(a) factors, Starbucks does not seriously contend that the Plaintiffs fail to satisfy the numerosity, commonality or typicality requirements (focusing instead upon the adequacy requirement). In the spirit of completeness appropriate to a Report and Recommendation, I will nevertheless touch briefly upon each element.

Numerosity

Fed. R. Civ. P. 23(a)(1) requires that the proposed class be so numerous that joinder of all of it members is impracticable. The Plaintiffs assert that the Defendant operates more than one hundred and fifty stores in Massachusetts, each of which employs approximately seventeen baristas at any given time (yielding a number of class members exceeding two thousand, five hundred, even before allowing for employee turnover over the class period). Docket # 31 at 7 (citing Docket # 31-1 at 3).[1] Starbucks contests neither the figures cited, nor their application to the numerosity provisions of Rule 23(a)(1). The Plaintiffs have established that the numerosity requirement is met.

Commonality

Rule 23(a)(2) requires that "questions of law or fact" be "common to the class." Fed. R. Civ. P. 23(a)(2). The threshold for demonstrating commonality is low and requires only a

---

[1] Citations throughout are to the pagination of the Court's electronic docketing system, rather than to any internal pagination of exhibits themselves.

basic demonstration that there are common questions of law or fact in the case. See Southern States Police Benev. Ass'n, Inc. v. First Choice Armor & Equipment, Inc., 241 F.R.D. 85, 87 (D.Mass.2007) (Gorton, J.). This requirement is usually satisfied where (as here) implementation of a common scheme is alleged. See Overka v. American Airlines, 265 F.R.D. 14 (D.Mass.2010)(Young, J.) (citing Armstrong v. Davis, 275 F.3d 849, 868 (9th Cir.2001) ("Commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members.")).

The Plaintiffs seek to certify one issue -- whether or not Starbucks' company-wide policy of including shift supervisors in a tip pool violates M.G.L. c. 149 § 152A (The Tips Law). Docket # 31 at 6-7. The Defendant does not contest commonality, and the Plaintiffs have established commonality in satisfaction of Rule 23(a)(2).

Typicality

Rule 23(a)(3) provides that class certification is appropriate where the claims of the representative plaintiffs are typical of the claims of the class as a whole. See Fed. R. Civ. P. 23(a)(3). The claims to be pursued on a class-wide basis are that baristas suffered damages when shift supervisors were allowed to participate in tip pools, in violation of the Massachusetts Tips Law. Each of the proposed class representatives makes the identical claim. The Defendant does not contest typicality, and the Plaintiffs have satisfied the requirements of Rule 23(a)(3).

Adequacy

Rule 23(a) also requires a showing that the representative parties "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a) (4). The adequacy requirement of Fed. R. Civ. P. 23 (a) (4) "tend[s] to merge" with the commonality and typicality

requirements in that all three "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 157, n. 13 (1982). The adequacy requirement, however, also raises concerns about the competency of class counsel and conflicts of interest. Id. In this case, the question is only one of conflict as Plaintiffs' counsel is plainly competent (and Starbucks does not contend otherwise).

Starbucks asserts that the Plaintiffs that the interests of the putative class representatives are in conflict with those of the putative class members who formerly worked as baristas during the class period and now work as shift supervisors. The current shift supervisors, it asserts, have an interest in continuing to participate in tip pools. See, Docket # 36 at 7-8 (citing In re TJX Cos. Retail Sec. Branch Litig., 246 F.R.D. 389, 394-395 (D. Mass. 2007) (Young J.) (quoting 7A Charles Alan Wright et al., Federal Practice and Procedure, § 1768 at 389 (3d ed. 2005))); Delsing v. Starbucks Coffee Corp., Slip Copy, 2009 WL 3202378 (D.Minn., 2009); Pickett v. Iowa Beef Processors, 209 F.3d 1276, 1280 (11th Cir. 2000); Bieneman v. City of Chicago, 864 F.2d 463, 465 (7th Cir.1988)). The number of putative class members in this category is more than four hundred and fifty. Docket # 36-2 at ¶ 3. The Plaintiffs respond that the former baristas who are now shift supervisors are within the proposed class only with respect to the time period during which they worked as baristas, and are otherwise outside the class, and so there are no conflicts.

For several reasons, I recommend that the Court certify the class as defined earlier in this

Report and Recommendation. First, the conflict Starbucks asserts arises out of whether shift supervisors want the present system to continue or want to be part of a lawsuit seeking to change the present system. In the event that the Court accepts my simultaneous recommendation on the motions for summary judgment, then that conflict is essentially mooted as the Court will have resolved the legality of the practice, with only the question of calculation of damages remaining. Second, the Plaintiffs propose a class under Rule 23(b)(3), and under that subsection, class members have the right to opt-out of the action. Notwithstanding this provision, Judge Young declined to certify a case under (b)(3) because of judicial "concerns raised by [Defendant] . . . that a high percentage of the proposed class members do not wish the suit to go forward." In re TJX, 246 F.R.D. at 395. Starbucks' evidence that approximately eleven shift supervisors (and a larger number of baristas) support the present system is insufficient to create the type of concerns raised in the TJX matter. There, certain associations representing potential plaintiffs declined to participate in the action at issue. Id. Moreover, as noted, in this case, the Court, whether or not it accepts the Report and Recommendation, will likely resolve the merits of the litigation on the motions for summary judgment before certifying the class.

### Rule 23(b)(3) Factors

The Plaintiffs seek certification under Fed. R. Civ. P. 23 (b)(3), which provides in relevant part that :

"[a] class action may be maintained if Rule 23(a) is satisfied and if

 . . .

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the

controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b).

Predominance

There is no rigid test for determining the predominance of questions of law and fact common to class members in satisfaction of Rule 23(b)(3); rather, the rule simply requires inquiry into "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 622 (1997). The First Circuit has held that this requirement is satisfied where "a sufficient constellation of issues binds class members together. Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 296 (1st Cir.2000). Rule 23(b)(3) requires merely that common issues predominate, not that all issues be common to the class. Smilow v. Southwestern Bell Mobile Systems, Inc., 323 F.3d 32, 39 (1st Cir.2003). Where common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain. Id. at 40.

Here the Plaintiffs seek to certify a single issue, their challenge to a uniform policy of the Defendant under a specific state statute. In the context of the summary judgment motions, the

undersigned has recommended rejection of several of the arguments advanced by the Defendant in asserting that there is no predominance (e.g., whether shift supervisors are "wait staff employees, " whether the money left in the jars at Starbucks constitutes "tips" and whether these questions raise factual issues specific to individual plaintiffs). Thus, the Court finds that issues of fact and law common to the class members predominate.

<u>Superiority of Class Action</u>

The core purpose of Rule 23(b)(3) is to vindicate the claims of consumers and other groups of people whose individual claims would be too small to warrant litigation. <u>Smilow</u>, 323 F.3d at 41. Judicial economy is clearly better served by the resolution via class action of a challenge to a common tip policy under Massachusetts law than by the separate (or consolidated) resolution of many individual cases. Absent the class action, however, the practical result would be that many of the thousands of putative class members would have no remedy in light of the relatively slight potential recovery vis-a-vis the costs of litigation. Moreover, courts have considered, in the employment context, that the risk of reprisal against individual plaintiffs weighs in favor of class adjudication. See <u>Overka v. American Airlines, Inc.</u>, 265 F.R.D. 14, 24 (D.Mass.2010) (Woodlock, J.) (citing <u>Mullen v. Treasure Chest Casino</u>, 186 F.3d 620, 625 (5th Cir.1999); <u>Edmondson v. Simon</u>, 86 F.R.D. 375, 379 (N.D.Ill.1980)).

<u>CONCLUSION</u>

For the foregoing reasons, I recommend that the Court ALLOW the Plaintiff's Motion to

Certify Class (Docket # 31).[2]

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States Magistrate Judge

---

[2]  The parties are hereby advised that any party who objects to these proposed findings
and recommendations must file a written objection thereto within 14 days of receipt of this
Report and Recommendation.  The written objections must identify with specificity the portion
of the proposed findings, recommendations, or report to which objection is made, and the basis
for such objections.  <u>See</u> Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b).  The parties are further
advised that the United States Court of Appeals for this Circuit has repeatedly indicated that
failure to comply with Rule 72(b) will preclude further appellate review of the District Court's
order based on this Report and Recommendation.  <u>See</u> <u>Keating v. Secretary of Health and Human
Services</u>, 848 F.2d 271 (1st Cir.1988); <u>United States v. Emiliano Valencia-Copete</u>, 792 F.2d 4
(1st Cir.1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir.1980); <u>United
States v. Vega</u>, 678 F.2d 376, 378-379 (1st Cir.1982); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st
Cir.1983); <u>see</u> <u>also</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466 (1985).