United States District Court
District of Massachusetts

| | |
|---|---|
| HERNAN MATAMOROS, SHARON SAM CHAN, and KATE PETERSEN, on behalf of themselves and all others similarly situated, Plaintiffs, <br><br> v. <br><br> STARBUCKS CORPORATION, Defendant. | Civil Action No. 08-10772-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

Hernan Matamoros, Sharon Sam Chan and Kate Petersen, on behalf of themselves and all others similarly situated, (collectively "the plaintiffs") bring suit against Starbucks Corporation ("Starbucks") challenging under the Massachusetts Tips Law, Mass. Gen. Laws ch. 149 § 152A, the policy of distributing to shift supervisors proceeds of tips left by customers.

In March, 2010, the parties filed cross-motions for summary judgment. Plaintiffs also moved for class certification pursuant to Fed. R. Civ. P. 23. The motions were referred to Magistrate Judge Leo T. Sorokin, who issued 1) a Report and Recommendation ("SJ R&R") recommending that plaintiffs' motion for summary judgment be allowed with respect to Count I and defendant's motion for summary judgment be denied with respect to Count I but

otherwise allowed and 2) a Report and Recommendation ("Certification R&R") recommending that plaintiffs' motion for class certification be allowed. Starbucks filed objections to both R&Rs and plaintiffs replied to those objections.

With respect to the SJ R&R, defendant's objection regarding Count I is unpersuasive because it primarily reiterates arguments already considered by Magistrate Judge Sorokin. This Court finds Magistrate Judge Sorokin's analysis and statutory construction thorough and well-reasoned and therefore accepts and adopts the SJ R&R.

With respect to the Certification R&R, defendant's objection focuses on an alleged "intractable intra-class conflict" which precludes certification. That argument is considered and rejected by this Court, as it was likewise rejected by Magistrate Judge Sorokin. Plaintiffs cogently argue that an interest by certain putative class members in maintaining the allegedly unlawful policy is not a reason to deny class certification. Indeed, were the Court to hold otherwise, an employer could readily insulate itself from class liability simply by establishing a communal "tip pool" for both managerial and non-managerial employees. Such an "end run" clearly contravenes the purpose of the Tips Law. See DiFiore v. Am. Airlines, Inc., 910 N.E.2d 889, 897 (Mass. 2009). The Court, therefore, accepts and adopts the Certification R&R.

## ORDER

In accordance with the foregoing,

1) after considering defendant's objection thereto, the SJ R&R (Docket No. 50) is **ACCEPTED AND ADOPTED**;

2) after considering defendant's objection thereto, the Certification R&R (Docket No. 49) is **ACCEPTED AND ADOPTED**;

3) defendant's objection to the SJ R&R (Docket No. 51) is **OVERRULED**; and

4) defendant's objection to the Certification R&R (Docket No. 52) is **OVERRULED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 18, 2011